U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR - 8 2010
CLERK, U.S. DISTRICT COURT
By _____
Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: Kitec Plumbing Systems Products Liability Litigation. | § § § § § § § | Case No. 09-md-2098-F<br><br>MDL No. 2098 |

## STIPULATION AND PROTECTIVE ORDER

WHEREAS, certain documents and information have been and may be sought, produced or exhibited by and among the parties to the above-styled MDL proceeding (the "Proceeding") which relate to the parties' confidential and proprietary information and that may be subject to protection under Federal Rule of Civil Procedure 26(c); and

WHEREAS, the parties have provided and will provide discovery materials, documents, and information in this Proceeding, and also have already provided a significant amount of discovery materials, documents, and information in certain cases prior to their transfer to this Proceeding;

WHEREAS, the parties agree that a protective order will facilitate a timely and efficient discovery process;

IT IS HEREBY STIPULATED AND AGREED, AND FOR GOOD CAUSE SHOWN, ORDERED THAT:

<u>Scope</u>

1. This Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed during this Proceeding whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party in this Proceeding (the "Supplying Party") to any other party or parties (the "Receiving Party"). This

Protective Order also governs all documents and information produced in this Proceeding by third parties pursuant to paragraphs 2 and 9, and information previously produced in cases prior to transfer to this Proceeding pursuant to paragraph 10.

2. Third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Supplying Party for purposes of this Protective Order.

3. The entry of this Protective Order does not prevent any party from seeking a further order of this Court pursuant to Federal Rule of Civil Procedure 26(c).

4. Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

Confidential Information

5. "Confidential Information" as used herein means any information that the Supplying Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Federal Rule of Civil Procedure 26(c), whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed. In designating discovery materials as Confidential Information, the Supplying Party shall do so consistent with the rulings of the Court.

6. Specific documents and discovery responses produced by a Supplying Party shall, if appropriate, be designated as Confidential Information by marking the pages of the document that contain Confidential Information as follows: "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER". Except as provided in paragraphs 8 and 21, documents that do not bear the foregoing designation are not Confidential Information as that term is used in this Order.

7. Any material produced or provided in this Proceeding for inspection is to be treated by the Receiving Party as Confidential Information pending the copying and delivery of any copies of the same by the Supplying Party to the Receiving Party.

8. Information disclosed at a deposition taken in connection with this Proceeding may be designated as Confidential Information by:

(a) designating on the record during the taking of the deposition that the deposition, or some part of it, constitutes Confidential Information; or

(b) designating the portions of the transcript in a letter to be served on the court reporter and opposing counsel within thirty (30) calendar days of the Supplying Party's receipt of the transcript of a deposition. The Court reporter will indicate the portions designated as confidential and segregate them as appropriate. Designations of transcripts will apply to audio, video, or other recordings of the testimony. The court reporter shall clearly mark any transcript released prior to the expiration of the 30-day period as "Confidential-Subject to Further Confidentiality Review." Such transcripts will be treated as Confidential Information until the expiration of the 30-day period. If the Supplying Party does not serve a designation letter within the 30-day period, then the entire transcript will be deemed not to contain Confidential Information.

(c) The parties agree that they shall not instruct witnesses not to answer questions posed to them during a deposition solely on the grounds that the testimony to be elicited constitutes Confidential Information.

9. A party in this Proceeding may designate as Confidential Information any document or information produced by or testimony given by any other person or entity that the party reasonably believes qualifies as such party's Confidential Information pursuant to this

Protective Order, including, but not limited to, information received through third party subpoenas.

10. Any document or information previously designated, in any way, as Confidential Information pursuant to a protective order and/or confidentiality agreement in a case prior to transfer to this Proceeding shall be treated as Confidential Information for all purposes.

Permissible Disclosure of Confidential Information

11. The Receiving Party may show and deliver Confidential Information to the following people:

   (a) Parties and their counsel, and the attorneys, paralegals, stenographic, and clerical staff employed by such counsel;

   (b) any employee or contractor of the Receiving Party to whom it is necessary to disclose such information for the purpose of assisting in, or consulting with respect to, this Proceeding;

   (c) stenographic employees and court reporters recording or transcribing testimony in this Proceeding;

   (d) the Court, any Special Master appointed by the Court, and any members of their staffs to whom it is necessary to disclose the information;

   (e) any outside consultant or expert, whether formally retained or not, if the Receiving Party's outside consultant or expert signs the certification described in paragraph 12;

12. The Receiving Party may show Confidential Information to any witness during a deposition. Confidential Information shall not lose its Confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use. If, after a deposition is noticed, the Supplying Party objects to Confidential Information being shown to that witness, the Supplying party shall attempt to confer

with counsel to resolve the issue. If counsel are unable to resolve the issue themselves, counsel may seek an order from the Court prohibiting or limiting such disclosure.

13. Where indicated in this Order, each putative recipient of Confidential Information shall be provided with a copy of this Protective Order, which he or she shall read. Upon reading this Protective Order, such person shall sign a Certification, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms. These certifications are strictly confidential. Counsel for each party shall maintain the certifications without giving copies to the other side. The parties expressly agree, and it is hereby ordered that, except in the event of a violation of this order, they will make no attempt to seek copies of the certifications or to determine the identities of persons signing them. If the Court finds that any disclosure is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only and outside counsel shall not disclose any information to their clients that could tend to identify any certification signatory unless and until there is specific evidence that a particular signatory may have violated the Order, in which case limited disclosure may be made with respect to that signatory. Persons who come into contact with Confidential Information for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute Certifications.

Use of Confidential Information

14. The Receiving Party shall use confidential information only in connection with this Proceeding or an action in which the Receiving Party is permitted by this Order to use Confidential Information.

15. Notwithstanding any other provisions hereof, nothing herein shall restrict any party's counsel from rendering advice to its clients with respect to this Proceeding and, in the course thereof, relying upon Confidential Information, provided that in rendering such advice,

counsel shall not disclose any other party's Confidential Information other than in a manner provided for in this Protective Order.

16. Nothing contained in this Protective Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without prior consent of any party or the Court.

Protection of Confidential Information

17. Counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and will limit access to Confidential Information to those persons authorized by this Order.

18. Any party that is served with a subpoena or other notice compelling the production of discovery materials produced by another party must immediately give written notice of such subpoena or other notice to the original Supplying Party. Upon receiving such notice, the original Supplying Party shall bear the burden of opposing, if it deems appropriate, the subpoena on grounds of confidentiality.

19. If a Receiving Party learns of any unauthorized disclosure of Confidential Information, the party shall immediately upon learning of such disclosure inform the Supplying Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

20. Upon the conclusion of this proceeding (or such other case in which the Receiving Party is permitted by this order to use Confidential Information), including any appeals related thereto, at the written request and option of the Supplying Party, all discovery materials produced by the Supplying Party and any and all copies, summaries, notes, compilations (electronic or otherwise), and memoranda related thereto, shall be returned within thirty (30) calendar days to the Supplying Party, provided, however, that counsel may retain their

privileged communications, work product, certifications pursuant to paragraph 12, and all court-filed documents even though they contain discovery materials produced by the Supplying Party, but such retained privileged communications and work product and court-filed documents shall remain subject to the terms of this Protective Order. At the written request of the Supplying Party, any person or entity having custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing discovery materials produced by the Supplying Party shall deliver to the Supplying Party an affidavit certifying that reasonable efforts have been made to assure that all such discovery materials produced by the Supplying Party and any copies thereof, any and all records, notes, memoranda, summaries, or other written material regarding the discovery materials produced by the Supplying Party (except for privileged communications, work product and court-filed documents as stated above) have been delivered to the Supplying Party in accordance with the terms of this Protective Order.

Changes in Designation of Information

21.  Any Supplying Party may designate as Confidential Information or withdraw a Confidential Information designation from any material that it has produced; provided, however, that such redesignation shall be effective only as of the date of such redesignation. Such redesignation shall be accomplished by notifying counsel for each party in writing of such redesignation and simultaneously producing a re-designated copy of such material.

22.  Any party may object to the propriety of the designation (or redesignation) of specific material as Confidential Information by serving a written objection upon the Supplying Party's counsel. The Supplying Party or its counsel shall thereafter, within ten (10) calendar days, respond (by hand delivery or facsimile transmission) to such objection in writing by either: (i) agreeing to remove the designation; or (ii) stating the reasons for such designation. If the

Objecting Party and the Supplying Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the document will have its designation removed unless within thirty (30) days after written notice that the parties' negotiations are ended, the Supplying Party moves the Court for an order upholding the designation. On such a motion, the Supplying Party shall have the burden of proving that the material is Confidential Information. The material(s) in issue shall continue to be treated in the manner as designated by the Supplying Party until the Court orders otherwise.

Filing Papers In Court Records

23. The parties will use the following procedure for submitting to the Court papers consisting of, containing, incorporating, reflecting, describing, or attaching Confidential Information:

(a) Discovery-related motions, any memorandum of law, certification, or exhibit annexed thereto that contains Confidential Information shall be filed in a sealed envelope, labeled with the case name, case number, and the motion to which the documents relate. The parties will file the sealed envelope with the Clerk's office. The Clerk shall not open the envelope except upon instruction from the Court.

(b) For pretrial nondiscovery-related motions, the parties shall address the treatment and filing protocol for Confidential Information during a conference with the Court.

Miscellaneous Provisions

24. It is expressly understood by and between the parties that in producing Confidential Information in this litigation, the parties shall be relying upon the terms and conditions of this Protective Order.

By written agreement of the parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified. This Protective Order shall continue in force

HOU02:1189284.1                                   8

until amended or superseded by express order of the Court, and shall survive any final judgment or settlement.

DONE this 8th day of March, 2010.

_____
JUDGE ROYAL FURGESON

**EXHIBIT A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: Kitec Plumbing Systems Products Liability Litigation. | § § § § § § § | Case No. 09-md-2098-F<br><br>MDL No. 2098 |

## **CERTIFICATION**

I hereby certify that I have read the Stipulation and Protective Order entered in the above-captioned Proceeding and that I understand the terms thereof.

I agree to be bound by the Stipulation and Protective Order.

I further agree to submit to the jurisdiction of this Court for purposes of enforcing the Stipulation and Protective Order, and I understand that the Court may impose sanctions on me for any violation of the Stipulation and Protective Order.

I understand that these certifications are strictly confidential, that counsel for each party are maintaining the certifications without giving copies to the other side, and that the parties expressly agreed and the Court ordered that, except in the event of a violation of this Order, the parties will make no attempt to seek copies of the certifications or to determine the identities of persons signing them. I further understand that if the Court finds that any disclosure is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only and outside counsel shall not disclose any information to their clients that could tend to identify any certification signatory unless and until there is specific evidence that a particular signatory may have violated the Order, in which case limited disclosure may be made with respect to that signatory.

Date: _____

                                                       _____
                                                       (Signature)

                                                       Name: _____
                                                                    (Typed or Printed)