IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRENT CAMPBELL and <br> MINDI CAMPBELL <br><br> Plaintiff <br><br> v. <br><br> IPEX INC. <br> and <br> IPEX USA, LLC, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Case No. 09-md-2098-F <br> MDL No. 2098 <br> **(Individual Case No. _____)** |

*Transferred From*:
THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TRENT CAMPBELL and <br> MINDI CAMPBELL, <br><br> Plaintiff, <br><br> v. <br><br> IPEX, INC. <br> and <br> IPEX USA, LLC, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Case No. 2:10-cv-00496-HGB-JCW |

**IPEX INC.'S AND IPEX USA LLC'S ANSWER
TO PLAINTIFFS' COMPLAINT**

Defendants IPEX Inc., improperly sued as IPEX, Inc., and IPEX USA LLC, improperly sued as IPEX USA, LLC (hereinafter collectively, "IPEX") file their Answer to Plaintiffs' Complaint, and state as follows:

## I. RESPONSE TO "NATURE OF THE CASE"

1. IPEX cannot discern the meaning of paragraph 1 of Plaintiffs' Complaint and is therefore unable to confirm or deny its allegations.

2. IPEX denies the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3. IPEX denies the allegations contained in paragraph 3 of Plaintiffs' Complaint, except IPEX admits that Plaintiffs purport to bring a class action seeking damages, injunctive relief, costs, attorneys fees, and other relief from IPEX. IPEX denies that there is any legal or factual basis for said relief.

## II. RESPONSE TO "JURISDICTION AND VENUE"

4. The allegations contained in paragraph 4 of Plaintiffs' Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, IPEX denies each and every allegation contained in said paragraph, except IPEX admits that Plaintiffs purport to state a claim in excess of $75,000. IPEX denies that there is any legal or factual basis for said relief. Additionally, IPEX lacks knowledge or information sufficient to form a belief as to the truth and falsity of the allegation that Plaintiffs and Defendants are of diverse citizenship.

5. The allegations contained in paragraph 5 of Plaintiffs' Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, IPEX lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

6. The allegations contained in paragraph 6 of Plaintiffs' Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, IPEX denies it manufactured Kitec products in the State of Louisiana. IPEX lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

7. The allegations contained in paragraph 7 of Plaintiffs' Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, IPEX lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

### III. RESPONSE TO "PARTIES"

8. IPEX lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9. IPEX Inc. denies the allegations contained in paragraph 9 of Plaintiffs' Complaint, except IPEX Inc. admits that it is a Canadian corporation with its principal place of business at 50 Valleybrook Drive, North York, Ontario M3B 2S9 and that, during certain time periods, it designed and manufactured Kitec plumbing systems. IPEX Inc. denies that it manufactured the brass fittings that are utilized in the Kitec plumbing system. IPEX Inc. also admits that, during certain time periods, it marketed and sold Kitec plumbing systems in certain locations in the United States, including Louisiana.

10. IPEX USA LLC admits that it is a company with its principal place of business at 10100 Rodney Street, Pineville, North Carolina and that it is authorized to and transacts business in the State of Louisiana. IPEX USA LLC admits that, during certain time periods, it marketed and sold Kitec plumbing systems in certain locations throughout the United States, including Louisiana. IPEX USA LLC denies that it designed or manufactured the Kitec plumbing system. IPEX USA LLC lacks knowledge or information sufficient to form a belief as to the truth or falsity as to the remaining allegations in paragraph 10.

## IV. RESPONSE TO "FACTUAL ALLEGATIONS"

11. IPEX lacks knowledge or information sufficient to form a belief as to whether Kitec fittings are installed in Plaintiffs' home, as alleged in paragraph 11 of Plaintiffs' Complaint.

12. IPEX denies the allegations contained in paragraph 12 of Plaintiffs' Complaint, except that IPEX Inc. admits that, during certain periods, it designed, developed, and manufactured the Kitec plumbing system. IPEX denies that it manufactured the brass fittings that are utilized in the Kitec plumbing system. IPEX Inc. admits that, during certain time periods, it marketed and sold the Kitec plumbing system in various locations throughout the United States, including Louisiana. IPEX USA LLC admits that, during certain time periods, it marketed and sold the Kitec plumbing system in various locations throughout the United States, including Louisiana.

13. IPEX denies the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14. IPEX denies the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15. IPEX denies the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16. IPEX denies the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17. The allegations contained in paragraph 17 of Plaintiffs' Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, IPEX denies each and every allegation contained in said paragraph.

18. Regarding the allegations of specific advertising statements in paragraph 18, IPEX's advertisements speak for themselves. IPEX lacks further knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 18 of Plaintiffs' Complaint.

19. Regarding the allegations of specific advertising statements in paragraph 19, IPEX's advertisements speak for themselves. IPEX lacks further knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 19 of Plaintiffs' Complaint.

20. Regarding the allegations of specific advertising statements in paragraph 20, IPEX's advertisements speak for themselves. IPEX lacks further knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 20 of Plaintiffs' Complaint.

21. Regarding the allegations of specific advertising statements in paragraph 21, IPEX's advertisements speak for themselves. IPEX lacks further knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 21 of Plaintiffs' Complaint.

22. Regarding the allegations of specific advertising statements in paragraph 22, IPEX's advertisements speak for themselves. IPEX lacks further knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 22 of Plaintiffs' Complaint.

23. Regarding the allegations of specific advertising statements in paragraph 23, IPEX's advertisements speak for themselves. IPEX lacks further knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 23 of Plaintiffs' Complaint.

24. IPEX denies the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25. IPEX denies the allegations contained in paragraph 25 of Plaintiffs' Complaint.

26. IPEX denies the allegations contained in paragraph 26 of Plaintiffs' Complaint.

### V. RESPONSE TO "FIRST CLAIM FOR RELIEF"
(Redhibition)
(La.C.C. art. 2520, *et seq.*)

27. With respect to the allegations contained in this section of the Complaint, IPEX repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. IPEX admits that in paragraph 27 of Plaintiffs' Complaint, Plaintiffs purport to incorporate by reference each of the Complaint's prior paragraphs.

28. IPEX denies the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29. Paragraph 29 of Plaintiffs' Complaint contains legal conclusions as to which no responsive pleading is required. Should a response be deemed required, IPEX denies the allegations of this paragraph, except that it admits to selling the Kitec plumbing system.

30. IPEX denies the allegations contained in paragraph 30 of Plaintiffs' Complaint.

31. IPEX denies the allegations contained in paragraph 31 of Plaintiffs' Complaint.

### VI. RESPONSE TO "SECOND CLAIM FOR RELIEF"
(Louisiana Products Liability Act)
(La.R.S. 9:2800.51-2800.57)

32. With respect to the allegations contained in this section of the Complaint, IPEX repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. IPEX admits that in paragraph 32 of the Complaint, Plaintiffs purport to incorporate by reference each of the Complaint's prior paragraphs.

33. IPEX denies the allegations contained in paragraph 33 of Plaintiffs' Complaint.

## VII. RESPONSE TO "THIRD CLAIM FOR RELIEF"
### (Breach of Express Warranty)
### (La.R.S. 9:2800.58)

34. With respect to the allegations contained in this section of the Complaint, IPEX repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. IPEX admits that in paragraph 34 of the Complaint, Plaintiffs purport to incorporate by reference each of the Complaint's prior paragraphs.

35. IPEX Inc. admits that, during certain time periods, it designed, developed, tested, and manufactured the Kitec plumbing system. IPEX denies that it manufactured the brass fittings that are utilized in the Kitec plumbing system. IPEX Inc. admits that, during certain time periods, it marketed and sold the Kitec plumbing system in various locations throughout the United States. IPEX USA LLC admits that, during certain time periods, it marketed and sold the Kitec plumbing system in various locations throughout the United States. IPEX denies the remaining allegations contained in paragraph 35 of Plaintiffs' Complaint.

36. IPEX admits that it provided a limited express warranty, under certain circumstances, for its Kitec plumbing systems. Except as expressly admitted, IPEX denies the allegations contained in paragraph 36 of Plaintiffs' Complaint.

37. The allegations contained in paragraph 37 of Plaintiffs' Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, IPEX lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

38. IPEX denies the allegations contained in paragraph 38 of Plaintiffs' Complaint.

39. IPEX denies the allegations contained in paragraph 39 of Plaintiffs' Complaint.

40.   IPEX denies the allegations contained in paragraph 40 of Plaintiffs' Complaint.

## VIII.   RESPONSE TO "PRAYER FOR RELIEF"

In response to paragraphs 1-5 of Plaintiffs' Prayer for Relief, IPEX denies that Plaintiffs are entitled to the relief requested.

## IX.   GENERAL DENIAL

IPEX denies all other allegations to which it has not specifically responded.

## X.   AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.   <u>Failure to State a Claim</u>.   Plaintiffs' Complaint and each and every purported cause of action therein, fail to state a claim for which relief can be granted against IPEX.

### SECOND AFFIRMATIVE DEFENSE

2.   <u>Statute of Limitations/Repose</u>.   IPEX alleges that the causes of action set forth in the Plaintiffs' Complaint are barred by all applicable Statutes of Limitations and/or Repose.

### THIRD AFFIRMATIVE DEFENSE

3.   <u>Failure to Mitigate</u>.   Plaintiffs, though under a duty to do so, failed and neglected to mitigate their alleged damages and, therefore, cannot recover against IPEX, whether as alleged, or otherwise.

### FOURTH AFFIRMATIVE DEFENSE

4.   <u>Comparative Fault</u>.   IPEX alleges that the damages suffered by the Plaintiffs, if any, were the direct and proximate result of the negligence of parties, persons, corporations and/or entities other than IPEX, and that the liability of IPEX, if any, is limited in direct proportion to the percentage of fault actually attributable to IPEX.

### FIFTH AFFIRMATIVE DEFENSE

5.   <u>Contributory Negligence</u>.   IPEX is informed and believes, and thereon alleges, that at all times mentioned herein, Plaintiffs and/or other third-parties (not IPEX) were negligent,

careless, reckless and unlawfully conducted themselves so as to directly and proximately contribute to the happening of the incident and the occurrence of the alleged damages. Said negligence bars either completely or partially the recovery sought by Plaintiffs.

### SIXTH AFFIRMATIVE DEFENSE

6.  Estoppel. IPEX is informed and believes, and thereon alleges, that the Plaintiffs engaged in conduct and activities with respect to the subject of the Complaint and by reason of said activities and conduct are estopped from asserting any claims for damages or seeking any other relief against IPEX.

### SEVENTH AFFIRMATIVE DEFENSE

7.  Waiver. IPEX is informed and believes, and thereon alleges, that Plaintiffs and/or other third-parties have engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligence, act, omission, or any other conduct, if any, as set forth in Plaintiffs' Complaint. Such activities include, but are not limited to, the belief that both before and after IPEX's products were introduced into the local market and installed at the subject properties, that Plaintiffs and/or other third-parties and their agents inspected and approved the condition of the subject property and products, and agreed and approved that the subject property, work and products were satisfactory to the local conditions, thereby normally waiving any further claim for damages as alleged in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

8.  Intervening and Superseding Causes. IPEX is informed and believes, and thereon alleges, that the injuries and damages of which the Plaintiffs complain were proximately caused by or contributed to by the acts Plaintiffs and/or other third-parties and that said acts were an intervening and superseding cause of the injuries and damages if any, of which the Plaintiffs complain, thus barring Plaintiffs from any recovery against IPEX.

### NINTH AFFIRMATIVE DEFENSE

9.  Assumption of the Risk. IPEX alleges that Plaintiffs and/or other third-parties expressly, voluntarily and knowingly assumed all risks about which Plaintiffs complain in the

Complaint and, therefore, are barred either totally or to the extent of said assumption from any damages.

### TENTH AFFIRMATIVE DEFENSE

10. <u>Laches</u>. Plaintiffs waited an unreasonable period of time before asserting such claims under the doctrine of laches.

### ELEVENTH AFFIRMATIVE DEFENSE

11. <u>Unclean Hands</u>. Plaintiffs are barred by the equitable doctrine of unclean hands from obtaining the relief requested.

### TWELFTH AFFIRMATIVE DEFENSE

12. <u>Conduct Was Justified</u>. The conduct of IPEX in regard to the matters alleged in the Complaint was justified and, by reason of the foregoing, Plaintiffs are barred from any recovery against IPEX herein.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. <u>Complete Performance and Payment</u>. IPEX has appropriately, completely and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. <u>Comparative Fault of Third Parties</u>. IPEX is informed and believes, and upon such information and belief, alleges that the accident and the injuries, if any, allegedly suffered by Plaintiffs were proximately caused and contributed to by the negligence of other third parties and that said third parties failed to exercise reasonable care at and prior to the time of said damages, and by reason thereof any recovery by Plaintiffs against IPEX must be reduced by an amount equal to the proportionate fault of other said third parties.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. <u>Product Used in an Abnormal Manner</u>. IPEX is informed and believes, and thereon alleges, that Plaintiffs' damages, if any, proximately resulted from the use of the

products in question in an unintended and abnormal manner and not from any defect or mechanical failure of, or failure to service properly, said product or any of its components.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. <u>Act of God</u>. IPEX is informed and believes, and thereon alleges, that any and all injuries, losses or damages, if any, were the direct and proximate result of an unavoidable incident or condition and, as such, were an act of God, without fault or liability on the part of IPEX.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. <u>Lack of Standing</u>. IPEX is informed and believes, and thereon alleges, that Plaintiffs herein lack standing to bring said action against IPEX.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. <u>Misuse or Modification of Product</u>. IPEX is informed and believes, and thereon alleges, that if there was any defect in the products referred to in the Complaint at the time the product left the possession of IPEX, that the defect was caused by the misuse, abuse, changes, modifications, improper maintenance, and alterations of others, including Plaintiffs and third parties, and that any damages were caused by such misuse, changes, alterations, lack of maintenance and modifications.

### NINETEENTH AFFIRMATIVE DEFENSE

19. <u>No Breach of Warranties</u>. IPEX is informed and believes, and thereon alleges, that it did not breach any warranties, express or implied.

### TWENTIETH AFFIRMATIVE DEFENSE

20. <u>Standard of Care</u>. IPEX is informed and believes, and thereon alleges, that at no time prior to the filing of this action did Plaintiffs or other third parties, or any agent, representative or employee(s) thereof, notify IPEX of any breach of any warranty or duty to Plaintiffs. By failing to notify, Plaintiffs are barred from any alleged right of recovery from IPEX Furthermore, IPEX alleges that Plaintiffs are barred from any recovery in this action

because IPEX at all times complied with the applicable standard of care and all national and local specifications, standards and requirements.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. <u>Failure to Notify</u>. IPEX is informed and believes, and thereon alleges, that if any defects or inadequacies exist in the products distributed by IPEX, which IPEX denies, Plaintiffs failed to timely notify IPEX of such conditions and failed to give IPEX timely opportunity to cure such conditions. This conduct by Plaintiffs bars them from any relief from IPEX herein.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. <u>Setoff for Plaintiffs' Failure to Maintain</u>. IPEX is informed and believes, and thereon alleges, that it is entitled to a setoff according to proof.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. <u>Non-Joinder of Necessary Parties</u>. Plaintiffs has failed to join all parties necessary for full and final resolution of this lawsuit.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. <u>Privity</u>. Plaintiffs' warranty claims are barred because no privity exists between IPEX and any other named party.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. <u>No Duty.</u> IPEX owes no duties to Plaintiffs.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. <u>Limitation of Warranties and Liabilities</u>. IPEX is informed and believes and thereon alleges that the KITEC piping systems are covered by an express warranty that limits the remedy for defects to repair or replacement of the product. Said warranty also disclaims, in large conspicuous letters, all tort liability and implied warranties.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. <u>No Defects</u>. Plaintiffs' claims are barred because the products manufactured by or for IPEX are not defective.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. <u>Satisfaction</u>. IPEX fully performed each and every obligation it had with respect to the distribution of Kitec pipe and third-party manufactured brass fittings.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29. <u>Consequential Damages</u>. Any consequential damages allegedly suffered by Plaintiffs were not reasonably foreseeable and are therefore not reasonable.

### THIRTIETH AFFIRMATIVE DEFENSE

30. <u>Statute of Frauds</u>. Plaintiffs' claims are barred by the Statute of Frauds.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31. <u>Propensity or Future Damages</u>. Plaintiffs are barred from recovering any "propensity," "future" or "speculative" damages against IPEX under Louisiana law.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32. <u>Economic Loss</u>. Plaintiffs' tort claims are barred by the economic loss doctrine.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33. <u>Lack of Subject Matter Jurisdiction</u>. IPEX alleges that this Court lacks the requisite subject matter jurisdiction over Plaintiffs' claims.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34. <u>State of the Art</u>. IPEX's products conformed to state of the art scientific and technical knowledge at all times.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

35. <u>Compliance With Codes and Standards</u>. At all times IPEX's product complied with all national and local specifications, standards, and requirements.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

36. <u>Reservation</u>. IPEX presently has insufficient knowledge or information on which to form a belief as to whether it may have any additional, as yet unstated, affirmative defenses

available. IPEX reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

## XIV. JURY DEMAND

Defendants hereby demand a trial by jury on all contested issues herein related to the above-captioned matter.

WHEREFORE, PREMISES CONSIDERED, Defendants IPEX Inc. and IPEX USA LLC pray that Plaintiffs take nothing by their Complaint, that IPEX Inc. and IPEX USA LLC be awarded their costs of court herein expended, and that they have such other and further relief, both general and specific, in law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

By:    s/Richard L. Josephson
      Richard L. Josephson
      Russell C. Lewis
      BAKER BOTTS L.L.P.
      One Shell Plaza
      910 Louisiana
      Houston, TX 77002
      (713) 229-1234
      Fax: (713) 229-1522
      Email: richard.josephson@bakerbotts.com
             russell.lewis@bakerbotts.com

Van H. Beckwith
Chad Pinson
BAKER BOTTS, L.L.P.
2001 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone: 214-953-6500
Facsimile: 214-953.6503
Email: van.beckwith@bakerbotts.com
       chad.pinson@bakerbotts.com

*Attorneys for Defendants IPEX Inc. and IPEX USA LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of April, 2010 a true and correct copy of the foregoing instrument was served via the Court's ECF system and/or certified mail, return receipt requested, on all counsel of record.

                                                    s/Richard L. Josephson
                                                    Richard L. Josephson