IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERRANCE SWETS, et al.<br><br>    Plaintiffs<br><br>v.<br><br>PULTE GROUP, INC., et al.<br><br>    Defendants.<br><br>DEL WEBB TEXAS LTD. PARTNERSHIP<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>IPEX INC. and IPEX USA, LLC<br><br>    Third-Party Defendants. | Case No. 09-md-2098-F<br>MDL No. 2098<br>  **(Individual Case No. _____)**<br><br>**IPEX INC. AND IPEX USA LLC'S ANSWER TO DEL WEBB TEXAS LIMITED PARTNERSHIP PLUMBING AND CONSTRUCTION INC.'S THIRD-PARTY COMPLAINT** |

*Transferred From*:
THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TERRANCE SWETS, et al.<br><br>    Plaintiffs<br><br>v.<br><br>PULTE GROUP, INC., et al.<br><br>    Defendants.<br><br>DEL WEBB TEXAS LTD. PARTNERSHIP<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>IPEX INC. and IPEX USA, LLC<br><br>    Third-Party Defendants. | Case No. 2:10-cv-02181-PHX-DGC |

Defendants IPEX Inc., improperly sued as IPEX, Inc., and IPEX USA LLC, improperly sued as IPEX USA, LLC (collectively, "IPEX") file this Answer to the Third-Party Complaint ("Third-Party Complaint") filed by Del Webb Texas Limited Partnership Plumbing and Construction, Inc. ("Del Webb").

## I. RESPONSE TO THIRD-PARTY COMPLAINT

1. IPEX lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of Del Webb's Third-Party Complaint.

2. IPEX denies the allegations in paragraph 2 of Del Webb's Third-Party Complaint, except that IPEX Inc. admits that it is a Canadian corporation.

3. IPEX denies the allegations in paragraph 3 of Del Webb's Third-Party Complaint, except that IPEX USA LLC admits that it is a Delaware company doing business in the United States and that, during certain time periods, it conducted business in Arizona and Texas.

4. IPEX lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of Del Webb's Third-Party Complaint.

5. IPEX denies the allegations in paragraph 5 of Del Webb's Third-Party Complaint.

6. IPEX admits that Plaintiffs allege that Kitec brass fittings are defective, but denies Plaintiffs' allegations regarding same. IPEX denies any remaining allegations contained in paragraph 6 of Del Webb's Third-Party Complaint.

7. IPEX admits that Plaintiffs seek damages in their Complaint, but denies that Plaintiffs are entitled to same. IPEX denies any remaining allegations contained in paragraph 7 of Del Webb's Third-Party Complaint.

## II. RESPONSE TO "FIRST CLAIM FOR RELIEF"

8. With respect to the allegations contained in paragraph 8 of Del Webb's Third-Party Complaint, IPEX repeats and re-alleges each and every admission, denial, averment, and

statement contained in this Answer with the same force and effect as though set forth here in full. IPEX admits that in paragraph 8 of Del Webb's Third-Party Complaint, Del Webb purports to incorporate by reference each of the Third-Party Complaint's prior paragraphs.

9. IPEX denies the allegations contained in paragraph 9 of Del Webb's Third-Party Complaint.

10. IPEX admits that Plaintiffs allege that Kitec brass fittings are defective, but denies Plaintiffs' allegations regarding same. IPEX denies any remaining allegations contained in paragraph 10 of Del Webb's Third-Party Complaint.

11. IPEX denies the allegations contained in paragraph 11 of Del Webb's Third-Party Complaint.

12. IPEX denies the allegations contained in paragraph 12 of Del Webb's Third-Party Complaint.

In response to sections (A) - (C), IPEX admits that Del Webb seeks certain relief against IPEX, but denies that Del Webb is entitled to such relief.

### III. RESPONSE TO "SECOND CLAIM FOR RELIEF"

13. With respect to the allegations contained in paragraph 13 of Del Webb's Third-Party Complaint, IPEX repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. IPEX admits that in paragraph 13 of Del Webb's Third-Party Complaint, Del Webb purports to incorporate by reference each of the Third-Party Complaint's prior paragraphs.

14. The allegations contained in paragraph 14 of Del Webb's Third-Party Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, IPEX denies the allegations contained in said paragraph.

15. IPEX denies the allegations contained in paragraph 15 of Del Webb's Third-Party Complaint.

16. IPEX denies the allegations contained in paragraph 16 of Del Webb's Third-Party Complaint.

In response to sections (A) - (C), IPEX admits that Del Webb seeks certain relief against IPEX, but denies that Del Webb is entitled to such relief.

### IV. RESPONSE TO "THIRD CLAIM FOR RELIEF"

17. With respect to the allegations contained in paragraph 17 of Del Webb's Third-Party Complaint, IPEX repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. IPEX admits that in paragraph 17 of Del Webb's Third-Party Complaint, Del Webb purports to incorporate by reference each of the Third-Party Complaint's prior paragraphs.

18. The allegations contained in paragraph 18 of Del Webb's Third-Party Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, IPEX denies the allegations contained in said paragraph.

19. The allegations contained in paragraph 19 of Del Webb's Third-Party Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, IPEX denies the allegations contained in said paragraph.

20. IPEX denies the allegations contained in paragraph 20 of Del Webb's Third-Party Complaint.

In response to sections (A) - (C), IPEX admits that Del Webb seeks certain relief against IPEX, but denies that Del Webb is entitled to such relief.

V.     **RESPONSE TO "FOURTH CLAIM FOR RELIEF"**

21.    With respect to the allegations contained in paragraph 21 of Del Webb's Third-Party Complaint, IPEX repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. IPEX admits that in paragraph 21 of Del Webb's Third-Party Complaint, Del Webb purports to incorporate by reference each of the Third-Party Complaint's prior paragraphs.

22.    IPEX denies the allegations contained in paragraph 22 of Del Webb's Third-Party Complaint.

23.    IPEX denies the allegations contained in paragraph 23 of Del Webb's Third-Party Complaint.

In response to sections (A) - (C), IPEX admits that Del Webb seeks certain relief against IPEX, but denies that Del Webb is entitled to such relief.

VI.    **RESPONSE TO PRAYER FOR RELIEF**

In response to paragraphs (A) - (D) of Del Webb's Prayer for Relief, IPEX denies that Del Webb is entitled to the relief requested.

VII.   **GENERAL DENIAL**

IPEX denies all other allegations to which it has not specifically responded.

VIII.  **AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

1.     <u>Failure to State a Claim.</u>  Plaintiffs' Complaint, Del Webb's Third-Party Complaint, and each and every purported cause of action therein, fail to state a claim for which relief can be granted against IPEX.

## SECOND AFFIRMATIVE DEFENSE

2. <u>Independent Negligence</u>. The independent negligent acts or omissions of other parties, including Del Webb, were the sole proximate cause of Plaintiffs' damages, if any, and thus preclude any claim for indemnity against IPEX.

## THIRD AFFIRMATIVE DEFENSE

3. <u>Statute of Limitations</u>. IPEX alleges that the causes of action set forth in Plaintiffs' Complaint and Del Webb's Third-Party Complaint are barred by all applicable Statutes of Limitations and/or Repose.

## FOURTH AFFIRMATIVE DEFENSE

4. <u>Comparative Fault</u>. IPEX alleges that the damages suffered by the Plaintiffs, if any, were the direct and proximate result of the negligence of parties, third-parties, persons, corporations and/or entities other than IPEX, and that the liability of IPEX, if any, is limited in direct proportion to the percentage of fault actually attributable to IPEX.

## FIFTH AFFIRMATIVE DEFENSE

5. <u>Product Used in an Abnormal Manner</u>. IPEX is informed and believes, and thereon alleges, that Plaintiffs' damages, if any, proximately resulted from the use of the products in question in an unintended and abnormal manner and not from any defect or mechanical failure of, or failure to service properly, said product or any of its components.

## SIXTH AFFIRMATIVE DEFENSE

6. <u>Misuse or Modification of Product</u>. IPEX is informed and believes, and thereon alleges, that if there was any defect in the products referred to in the Complaint at the time the product left the possession of IPEX, that the defect was caused by the misuse, abuse, changes, modifications, improper maintenance, and alterations of others, including Plaintiffs and third parties, and that any damages were caused by such misuse, changes, alterations, lack of maintenance and modifications.

### SEVENTH AFFIRMATIVE DEFENSE

7. <u>Limitation of Warranties</u>. The Kitec plumbing system is covered by an express warranty that limits the remedy for defects to repair or replacement of the product. The warranty also disclaims all tort liability and implied warranties.

### EIGHTH AFFIRMATIVE DEFENSE

8. <u>Consequential Damages</u>. Any consequential damages allegedly suffered by Plaintiffs were not reasonably foreseeable and are therefore not reasonable.

### NINTH AFFIRMATIVE DEFENSE

9. <u>Propensity or Future Damages</u>. Plaintiffs are barred from recovering any "propensity," "future" or "speculative" damages.

### TENTH AFFIRMATIVE DEFENSE

10. <u>Economic Loss</u>. Plaintiffs' tort claims are barred by the economic loss doctrine.

### ELEVENTH AFFIRMATIVE DEFENSE

11. <u>Reasonable Alternative Design</u>. There is no safer alternative design of IPEX's product.

### TWELFTH AFFIRMATIVE DEFENSE

12. <u>Compliance With Codes and Standards</u>. At all times IPEX's product complied with all national and local specifications, standards, and requirements.

### THIRTEENTH AFFIRMATIVE DEFENSES

13. <u>Reservation</u>. IPEX presently has insufficient knowledge or information on which to form a belief as to whether it may have any additional, as yet unstated, affirmative defenses available. IPEX reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

### IX.   JURY DEMAND

IPEX hereby demands a trial by jury on all contested issues herein related to the above-captioned matter.

WHEREFORE, PREMISES CONSIDERED, Defendants IPEX Inc. and IPEX USA LLC pray that Del Webb Texas Limited Partnership Plumbing and Construction, Inc. take nothing by its Third-Party Complaint, that IPEX Inc. and IPEX USA LLC be awarded their costs of court herein expended, and that they have such other and further relief, both general and specific, in law and in equity, to which they may show themselves justly entitled.

Dated: December 10, 2010

Respectfully submitted

_____
Richard L. Josephson
Texas Bar No. 11031500
Russell C. Lewis
Texas Bar No. 24036968
BAKER BOTTS L.L.P.
910 Louisiana Street
Houston, Texas 77002
Telephone: (713) 229-1234
Facsimile: (713) 229-1522
Email: richard.josephson@bakerbotts.com
       russell.lewis@bakerbotts.com


Van H. Beckwith
Texas Bar No. 02020150
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile: (214) 953-6503
Email: van.beckwith@bakerbotts.com

**COUNSEL FOR IPEX INC.
AND IPEX USA LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2010, a true and correct copy of the foregoing document was served on the following counsel of record via certified mail, return receipt requested:

    Garrett W. Wotkyns
    Michael C. McKay
    Schneider Wallace Cottrell Brayton Konecky LLP
    7702 E. Doubletree Ranch Road, Suite 300
    Scottsdale, AZ 85258

    *Attorneys for Plaintiffs*

    Stephen E. Richman
    2901 N. Central Avenue, Suite 200
    Phoenix, AZ  85012-2705

    *Attorney for Defendants and Third-Party Plaintiff.*

    _____
    Russell C. Lewis