IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re Kitec Plumbing System Products | § § § | MDL NO. 2098 |
| Liability Litigation | § § | Case No. 09-md-2098-F |

## NOTICE OF OBJECTION, OBJECTION TO CLASS SETTLEMENT AND ATTORNEYS' FEES AND NOTICE OF APPEARANCE OF COUNSEL

TO THE HONORABLE JUDGE OF SAID COURT:

Objector's name, current address and current phone number is Paul Palmer, 301 7th Street, Nocona, Texas 76255. Objector's telephone number is available through his attorney of record c/o Christopher A. Bandas 361-698-5200.

The address and phone number of the property containing the Kitec system is 301 7th Street, Nocona, Texas 76255.

Objector owned or leased the property containing the Kitek system since 2007. This property was a Unit of Residential Property as defined by paragraph 88 of the Settlement Agreement. See Paul Palmer's signed Declaration of Class Membership marked as Ex. 1 and attached hereto and incorporated for all purposes.

Objector is a member of the class in IN RE KITEC PLUMBING SYSTEM PRODUCTS LIABILITY LITIGATION, Case No. 09-md-2098 (N.D. Tex.).

Neither Objector nor Objector's counsel intend to appear at the Final Fairness Hearing, but rather ask that this Court consider and rule on this objection at such hearing based upon this pleading and all documents in the Court's file.

Objection is made to the proposed Kitec Settlement as follows:

Introduction

This is a proposed settlement that resolves property damage claims related to defective pipes and fittings that comprise the Kitec system. It appears Kitec systems have already failed, while some are yet to fail. Class members will include those in the United States as well as Canada. The proposed settlement is described as a $125,000,000 common-fund settlement; however, on closer inspection, class counsel appears to have negotiated a settlement of $100,000,000 for the class, to include class payments and costs of administration, notice and a reversion to the Kitec funding entities (including presumably both insurance companies and defendants), and a $25,000,000 settlement for themselves, to cover attorneys' fees, costs and expenses. The proposed settlement involves an eight-year claims process for class members. Class counsel estimates there are approximately 292,000 properties affected by this settlement.

Can This Case Be Certified As A Class?

The initial objection to this class settlement relates to whether this case can be maintained as a class action at all. The scope of this proposed settlement, which seeks to resolve multifarious state law claims, as well as claims in Canada, is truly global. Notwithstanding that this is a settlement class, certain requirements must still be met, including the requirements of Rule 23 of the Federal Rules of Civil Procedure. Specifically, the proponents of the settlement must meet all the requirements of Rule 23(a), and at least one of the subdivisions of Rule 23(b).

Moreover, because this settlement also resolves claims in Canada, with Canadian claimants having their own lawsuits and competing with US residents for the same settlement funds, the issues appear even more complex.

Objector and his counsel recognize that a tremendous amount of thought has gone into this proposed settlement. However, the task of resolving in a single settlement all of

the competing claims of all class members may simply be impossible. Commonality, predominance, manageability, the impact of multifarious legal claims (both on a state by state and country by country basis) and potential conflicts between the US and Canadian cases appear especially daunting. Objection is made to the extent the proponents of this settlement are unable to satisfy their burden of proof on these issues, including all requirements relating to whether this class may be maintained be certified as a class action.

Is The Class Definition Appropriate?

The class in this case is defined with the following language:

"[a]ll Persons … who have or may pursue claims through or in the name or right of those who own or have owned, lease or have leased, buildings, homes, residences, or any other structures…"

Objection is made to this language in the class definition in that it is vague and essentially a fail-safe class definition. A fail-safe class definition is one that defines the class in terms of some ultimate issue on the merits, as opposed to non-merits-based, presently ascertainable, objective criteria. See, eg., *Intratex Gas Co. v. Beeson,* 22 S.W.3d 398, 403 (Tex. 2000).

The quality of a class definition is important for a variety of reasons, including knowing for certain, in advance, whether a person or entity is within or without the class for *res judicata* purposes. Those persons or entities "who have claims" or "may pursue claims" certainly cannot be known in advance, and cannot be determined without reference to an ultimate merits-based issue, namely, whether such person or entity "has a claim" or "may pursue a claim."

Objection is made therefore on the basis that the class definition is vague and fail-safe.

Is The Proposed Settlement Fair, Adequate And Reasonable?

"[T]he burden is on the settlement proponents to persuade the court that the agreement is fair, reasonable, and adequate for the absent class members who are to be bound by the settlement." *In re Katrina Canal Breaches Litigation*, 628 F.3d 185, 195-96 (5th Cir. 2010).

Objection is made to the extent the proponents of this settlement cannot satisfy their burden of proof on fairness, adequacy and reasonableness of this settlement.

The following issues may render the proposed settlement unfair, inadequate or unreasonable: an eight-year claims process, the choice for investments for the $100,000,000, the absence of caps on administrative costs and other costs that could eat away at the settlement corpus, the difficult claims procedure, the reversion to the Kitec funding entities, the effect of inflation and other risks to the real value of the settlement proceeds eight years from now, potential intra-class conflicts to the settlement funds between class members with competing claims, and the Plan of Allocation.

Should Class Counsel Be Awarded Attorneys' Fees, Expenses and Costs of $25,000,000?

Objection is made to the proposed award of attorneys' fees, costs and expenses sought by class counsel in the event this settlement is approved based upon both a lodestar and percentage of recovery methodology. This is especially true given the fact that this case is a "mega-fund" case (generally a case involving a settlement of $100 million of more), and in mega-fund cases the percentage of recovery is usually reduced as the amount of the settlement increases.

Moreover, objection is made to the extent the notice is misleading based upon the fact that it identifies the settlement as a $125,000,000 settlement, whereas the settlement available for the class is only $100,000,000 and the remaining $25,000,000 is a set aside for attorneys' fees, costs and expenses. *See, eg., In re Katrina,* 628 F.3d at 199 ("In regard to attorneys' fees, the [Rule 23(e)] notice should at a minimum generally apprise class members that fees will be sought and awarded by the court at the settlement hearing or a subsequent hearing and indicate whether the defendants or the settlement fund will bear such costs") (citing Newberg and Fogleman).

It is customary in a common-fund settlement for class counsel to make its fee request directly from the common fund, rather than from a separately negotiated fund. While on its surface making a fee application to a separate fund that will not reduce the amount of the settlement available for the class might seem even more fair, because an award of attorneys' fees will not reduce the pot of money available to the class, this is not actually the case.

On closer inspection, a conflict of interest may be present as a result of this separation of the common-fund from the fund for attorneys' fees. The reason for this stems from the fact that a natural limit (or check) on attorneys' fees in a common fund case is that every dollar not awarded in fees will be paid to the class. However, a reduction in attorneys' fees in this case will not reduce the award to the class. Knowing this tension is present in every common-fund case, an unscrupulous class counsel may negotiate a settlement that ensures a generous award of attorneys' fees will not reduce the pot of money available to the class. However, it would have made no difference whatsoever to the Kitec funding entities to pay the full $125,000,000 into a common fund, whereby a reduction in attorneys' fees could have gone to the class. Objection is

5

made that by setting up in advance the settlement in this way class counsel eliminated one of the natural limits (or checks) on its own attorneys' fees and created a conflict of interest.

For these reasons, Objector requests that this Court reject the proposed settlement and proposed award of attorneys' fees, expenses and costs.

Dated: September 30, 2011.

                Respectfully submitted,

            By:   /s/ Christopher A. Bandas
               Christopher A. Bandas
               State Bar No. 00787637
               BANDAS LAW FIRM, P.C.
               500 N. Shoreline, Ste. 1020
               Corpus Christi, Texas 78401
               (361) 698-5200 Telephone
               (361) 698-5222 Facsimile
               Email: cbandas@bandaslawfirm.com

               ATTORNEY FOR OBJECTOR

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to counsel and those listed below, by CM-ECF court e-filing and by First Class Mail & Certified Mail-RRR on this the 30th day of September 2011.

U.S. Court
Honorable Royal Furgeson
United States District Court for the
Northern District of Texas
1100 Commerce Street
Dallas, Texas 75242

Charles J. LaDuca
Cuneo Gilbert & LaDuca, LLP
507 C Street, NE
Washington, DC 20002
**Co-Lead Counsel for U.S. Plaintiffs**

Richard L. Josephson
Van H. Beckwith
Baker Botts L.L.P.
2001 Ross Avenue, Ste. 600
Dallas, Texas 75201
**U.S. Counsel for IPEX Defendants**

                                              /s/ Christopher A. Bandas
                                              Christopher A. Bandas